UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GENEVIEVE M. RODZIK,

    Plaintiff,                                 Case No. 07-10113

v.                                                  Honorable John Corbett O'Meara

TRI-HOSPITAL EMERGENCY MEDICAL
SERVICES CORPORATION,

    Defendant.
_____/

## OPINION AND ORDER GRANTING
## DEFENDANT'S JANUARY 23, 2008 MOTION FOR SUMMARY JUDGMENT

This matter came before the court on Defendant's January 24, 2008 motion for summary judgment. Plaintiff filed a response February 29, 2008; and Defendant filed a reply March 11, 2008. Oral argument was heard April 24, 2008.

## BACKGROUND FACTS

Plaintiff Genevieve Rodzik began working as a paramedic for defendant Tri-Hospital EMS in May 1998. In that capacity, she was responsible for treating and transporting sick and injured patients after responding to 911 calls.

In April 2005, while Plaintiff was pregnant (she was due in September), she sustained a back injury while on the job. After seeing her doctor on April 29, 2005, Plaintiff obtained written notification from her physician that she was to be off work "until after six weeks PP [postpartum] visit." Ex. 2. Consistent with her doctor's recommendation, Plaintiff commenced her leave of absence beginning April 29, 2005. Plaintiff gave birth to her baby September 20, 2005.

On November 1, 2005, Plaintiff failed to return to work. After being contacted by her employer, Plaintiff reported that she was unable to return to work at that time and was not certain whether she would ever be able to return to work; she had discovered at her six-week postpartum checkup that she was suffering from an unexplained neuropathy which prevented her from working. Plaintiff admits that her condition was not diagnosed at that time and that she did not know how long it was going to last. Rodzik dep. II at 11, 13. In addition, Plaintiff has admitted that at the time she was terminated, she could not perform the functions of her job. Id. at 12-13. Therefore, following Plaintiff's extended leave of absence totaling more than 26 weeks, during which time Defendant kept her position open for her, Defendant terminated Plaintiff's employment. Plaintiff filed this lawsuit alleging that Defendant violated her FMLA rights because it failed to designate the first 12 weeks, or any part, of her leave as FMLA leave.

## LAW AND ANALYSIS

This court is guided by the United States Supreme Court's opinion in Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 94 (2002). "The FMLA's central provision guarantees eligible employees 12 weeks of leave in a 1-year period following certain events." Id. at 86. An employer is prohibited from interfering with an employee's rights under the FMLA, and an employee can bring a civil action against its employer for violating the FMLA. 29 U.S.C. §§ 2615 and 2617.

In Ragsdale, the Court held that an aggrieved employee's remedy is limited to the harm he or she suffered.

> To prevail under the cause of action set out in § 2617, an employee must prove, as a threshold matter, that the employer violated § 2615 by interfering with, restraining, or denying his or her exercise of FMLA rights. **Even then, § 2617 provides no relief unless the employee has been prejudiced by the violation**: The employer is liable only for compensation and benefits lost 'by reason of the

2

> violation' for other monetary losses sustained 'as a direct result of the violation,' and for 'appropriate' equitable relief . . . . The remedy is tailored to the harm suffered.

Id. at 89 (citations omitted)(emphasis added).

In Ragsdale, the plaintiff had missed 30 consecutive weeks of work for a serious health condition, during which time the defendant employer had kept her position open. When she was again unable to work, the employer denied her any additional leave and terminated her employment. Importantly, the employer failed to notify the plaintiff that 12 weeks of absence would count as her FMLA leave. The plaintiff argued that because the defendant failed to designate any part of her 30-week leave as FMLA leave pursuant to 29 C.F.R. § 825.700, a Department of Labor regulation, she was therefore entitled to an additional 12 weeks' FMLA leave. The defendant argued that it had fully complied with the Act, as it had provided the plaintiff more than double the amount of leave required by the FMLA.

The Court struck down the regulation upon which the plaintiff relied, finding that it "punishes an employer's failure to provide timely notice of the FMLA designation by denying it any credit for leave granted before the notice. The penalty is unconnected to any prejudice the employee might have suffered from the employer's lapse." Id. at 90. The Court added, "The FMLA guaranteed [the plaintiff] 12–not 42–weeks of leave in 1996." Id. at 96.

At least four cases from the Eastern District of Michigan have followed Ragsdale in finding in favor of defendant employers who failed to designate leave time specifically as FMLA leave. Donahoo v. Master Data Ctr., 282 F. Supp. 2d 540 (E.D. Mich. 2003); Thompson v. Diocese of Saginaw, 2004 WL 45519 (E.D. Mich. Jan. 6, 2004); Wilson v. AZ Automotive, 2007 WL 1017097 (E.D. Mich. March 30, 2007); and Blake v. Seabury & Smith, Inc., 2007 WL 4126361 (E.D. Mich.

Nov. 20, 2007. In all of those cases, the plaintiffs had been given at least 12 weeks' leave provided by FMLA; therefore, the district courts found that the plaintiffs suffered no injury despite the fact that the defendant employers failed to designate any of the weeks as FMLA leave.

Likewise, Tri-Hospital kept Plaintiff's position open for a total of 26 weeks, more than double the amount provided by the FMLA. Therefore, Defendant is entitled to summary judgment.

## **ORDER**

It is hereby **ORDERED** that Defendant's January 23, 2008 motion for summary judgment is **GRANTED.**

                                               s/John Corbett O'Meara
                                               United States District Judge

Date: May 1, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 1, 2008, by electronic and/or ordinary mail.

                                               s/William Barkholz
                                               Case Manager